# Exhibit C

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant: Williams *et al.* | Docket No: 381828-115T1 (101900) |
| Patent No.: 7,709,610 | Confirm. No.: 9098 |
| Issued: May 4, 2010 | Group Art Unit: 1644 |
| For: THERAPEUTIC USE OF ANTI-CS1 ANTIBODIES | Examiner: Kim, Yunsoo |

## APPLICATION FOR PATENT TERM ADJUSTMENT
## INCLUDING REQUEST FOR RECONSIDERATION UNDER 37 CFR § 1.705(d)

**VIA EFS-WEB**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

This is an application under 35 U.S.C. § 154(d) for reconsideration of the patent term adjustment of 675 days indicated on the face of U.S. Patent No. 7,709,610, which issued May 4, 2010, from application serial no. 10/982,357 (filed on November 5, 2004). It is respectfully requested that the patentee be granted a patent term adjustment of **1166 days**. Alternatively, it is respectfully requested that the patentee be granted a patent term adjustment of **935 days**.

This application and request for consideration is timely because it is being filed within two months of the date of issuance (which was May 4, 2010), as required by 37 CFR § 1.705(d). The patentee submits herewith a statement under 37 CFR §1.702(b)(2), as required by 37 CFR §1.705(d).

In accordance with 37 CFR §1.705(b)(1), please charge the fee set forth in 37 CFR §1.18(e) ($200.00) to Deposit Account no. 50-2778 (Order No. 381828-115T1 (101900)).

1

The patentee kindly requests grant of this application.

Respectfully submitted,

Date: _____July 2, 2010_____   *Muna Abu-Shaar*
_____
Muna Abu-Shaar
Reg. No. 61,528

**DECHERT LLP**
**Customer No. 37509**
Tel: 650.813.4800
Fax: 650.813.4848

2

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | Williams *et al.* | Docket No: | 381828-115T1 (101900) |
| Patent No.: | 7,709,610 | Confirm. No.: | 9098 |
| Issued: | May 4, 2010 | Group Art Unit: | 1644 |
| For: | THERAPEUTIC USE OF ANTI-CS1 ANTIBODIES | Examiner: | Kim, Yunsoo |

## STATEMENT UNDER 37 CFR § 1.705(b)(2)

**VIA EFS-WEB**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

This statement is respectfully submitted in support of the "Application for Patent Term Adjustment Including Request for Reconsideration Under 37 CFR § 1.705 (d)" for U.S. Patent No. 7,709,610 (the "'610 patent"), which issued on May 4, 2010 from application serial no. 10/982,357 (filed on November 5, 2004). This timely application is filed within two months of the date of issuance. *See* 37 CFR §1.705(d).

In view of the following, the patentee respectfully requests that the '610 Patent be granted a patent term adjustment of 1166 days. The patent term adjustment on the face of the issued '610 patent, and on PAIR, is 675 days. See Ex. A (printout of PAIR patent term adjustment). That determination is in error because the Office relied on 37 CFR § 1.703(b)(1) in determining the amount of patent term adjustment, despite the fact that that regulation conflicts with the plain language of 35 U.S.C. § 154(b)(1)(B)(i), thereby miscalculating the patent term adjustment by 491 days. Accordingly, the total patent term adjustment should be 491 days more than the 675 days determined by the Office, for a total of **1166 days**.

Alternatively, and without waiving the issue above, the miscalculation was of 260 days. Accordingly, the alternate total patent term adjustment should be 260 days more than the total of 675 days determined by the Office, for a total of **935 days**.

1

What follows is "a statement of the facts involved specifying: (i) The correct patent term adjustment and the basis under § 1.702 for the adjustment; (ii) The relevant dates as specified in §§ 1.703(a) through (e) for which adjustment is sought and the adjustment as specified in § 1.703(f) to which the patent is entitled; . . . and (iv) Any circumstances during the prosecution of the application resulting in the patent that constitute failure to engage in reasonable efforts to conclude processing or examination of such application as set forth in § 1.704." 37 CFR § 1.705(b)(2). The '610 Patent is not subject to a terminal disclaimer.

A.  **The Patentee Agrees with the Office's Determination of "A" Delay.**

The patentee agrees with the Office's determination that the so-called "A" Delay is 510 days. *See* Ex. A. The patentee explains the calculation here as required by 37 CFR § 1.705(b)(2).

The patentee is entitled to a period of patent term adjustment pursuant to 35 U.S.C. § 154(b)(1)(A)(iv) and 37 CFR §§ 1.702(a)(1) and 1.703(a)(1) because of the Office's failure to mail an action under 35 U.S.C. § 132 not later than 14 months after the patentee's actual filing date of November 5, 2004 (*i.e.*, by January 5, 2006). Since the Office failed to mail an action under 35 U.S.C. § 132 until May 18, 2007, then the patentee is entitled to a day-for-day adjustment to the patent term beginning on the day after January 5, 2006 (*i.e.*, January 6, 2006), and ending on the date of mailing of an action under 35 U.S.C. § 132 (*i.e.*, May 18, 2007), for a total of 498 days.

The patentee is entitled to a period of patent term adjustment pursuant to 35 U.S.C. § 154(b)(1)(A)(iv) and 37 CFR §§ 1.702(a)(6) and 1.703(a)(6) because of the Office's failure to issue a patent within 4 months after the date on which the issue fee was paid under 35 U.S.C. § 151 and all outstanding requirements were satisfied (*i.e.*, by April 22, 2010). Since the Office failed to issue the '610 patent until May 4, 2010, then the patentee is entitled to a day-for-day adjustment to the patent term beginning on the day after April 22, 2010 (*i.e.*, April 23, 2010), and ending on the date that the '610 patent issued (*i.e.*, May 4, 2010), for a total of 12 days.

The total "A" Delay is therefore 498 days, plus 12 days, or 510 days.

B.  **The Patentee Disagrees with the Office's Determination of "B" Delay.**

The patentee disagrees with the Office's determination that the so-called "B" Delay (indicated in Exhibit A as "PTA 36 Months"), is 408 days. The patentee does not contend that

2

the Office failed to correctly perform the calculations described in 37 CFR § 1.703(b)(1) for determining "B" Delay; instead the patentee contends that 37 CFR § 1.703(b)(1) as written is contrary to the plain language of 35 U.S.C. § 154(b)(1)(B) and therefore cannot be applied to the '610 patent. The statute requires that the correct "B" Delay be 911 days. In an alternative interpretation of the statute, the correct "B" Delay is 680 days.

### (i) Patent Term Adjustment Using the Plain Language of 35 U.S.C. § 154(b)(1)(B)

The patentee is entitled to a period of patent term adjustment pursuant to 35 U.S.C. § 154(b)(1)(B) because the issue of the '610 patent was delayed due to the failure of the Office to issue the patent within 3 years after the actual filing date of application10/982,357 on November 5, 2004 (*i.e.*, by November 5, 2007).

Although it is not expressly stated in Exhibit A, the Office evidently calculated the amount of "B" Delay as:

> the number of days in the period beginning on the day after the date that is three years after the date on which the application was filed under 35 U.S.C. 111(a) (*i.e.*, November 6, 2007) and ending on the date a patent was issued (*i.e.*, May 4, 2010) (*i.e.*, 911 days); *see* 37 CFR 1.703(b),

> but not including the sum of the number of days in the period beginning on the date on which a request for continued examination of the application under 35 U.S.C. § 132(b) was filed (*i.e.*, December 18, 2008) and ending on the date the patent was issued (*i.e.*, May 4, 2010) (*i.e.*, 503 days); *see* 37 CFR 1.703(b)(1)),

for a total "B" Delay of 911 days minus 503 days, or 408 days.

The Office erred in determining the amount of "B" Delay was 408 days because, although 503 days is the correct calculation under 37 CFR § 1.703(b)(1), the rule promulgated at 37 CFR § 1.703(b)(1) conflicts with the plain language of 35 U.S.C. § 154(b)(1)(B), and thus may not be used to limit "B" Delay for the '610 Patent. Instead, the correct "B" Delay using the plain language of 35 U.S.C. § 154(b)(1)(B) is the full 911 days, without any exclusion for the period after a request for continued examination ("RCE") was filed under 37 CFR § 1.703(b)(1).

35 U.S.C. § 154(b)(1)(B) reads:

> Subject to the limitations under paragraph (2), if the issue of an original patent is delayed due to the failure of the [PTO] to issue a

3

> patent within 3 years after the actual filing date of the application in the United States, not including—
>
>> (i) any time consumed by continued examination of the application requested by the applicant under section 132(b);
>>
>> (ii) . . . ;
>>
>> (iii) . . . ,
>
> the term of the patent shall be extended 1 day for each day after the end of that 3-year period until the patent is issued.

This plain language both contains a "trigger," which determines *whether or not* "B" Delay should apply at all (*i.e.*, "if the issue of an original patent is delayed due to the failure of the [PTO] to issue a patent within 3 years after the actual filing date of the application in the United States"), and contains a "remedy," which determines *how much* patent term adjustment is to be awarded if the trigger condition is met (*i.e.*, the flush language following 35 U.S.C. § 154(b)(1)(B)(iii), which reads, "the term of the patent shall be extended 1 day for each day after the end of that 3-year period until the patent is issued"). The trigger is reflected in the corresponding regulations at 37 CFR § 1.702(b), and the remedy is reflected at 37 CFR § 1.703(b).

35 U.S.C. § 154(b)(1)(B) contains three exceptions, only one of the first of which is relevant to the '610 patent. *See* 35 U.S.C. § 154(b)(1)(B)(i)-(iii). The first exception (the "RCE Exception") concerns the filing for an RCE under 35 U.S.C. § 132(b). It provides that the three years provided under the "trigger" shall not include "(i) any time consumed by continued examination of the application requested by the applicant under section 132(b)". The regulations erroneously apply the RCE Exception *not only* to the trigger *but also* to the remedy. *See* 37 CFR § 1.702(b)(1) (RCE Exception applied to the trigger), 37 CFR § 1.703(b)(1) (RCE Exception applied to remedy).

The plain language of the statute, however, makes it clear that the RCE Exception applies only to the trigger, and not to the remedy. The natural reading of the "not including" language that introduces all three exceptions is that this language modifies the wording immediately preceding it (*i.e.*, modifies the trigger). If Congress had instead intended that the RCE Exception should modify the remedy (*i.e.*, as reflected in 37 CFR 1.703(b)(1)), then the statute would have put the "not including" language in the definition of the remedy provision, rather than in the language preceding it. Alternatively, had Congress intended the RCE Exception to serve both as

4

an overall limitation applicable to both the trigger and the remedy, then the statute would included the exceptions as part of the overall limitation that already precedes the entire section (*i.e.*, "Subject to the limitations under paragraph (2), . . .").

The interpretation that the RCE Exception applies *only* to the trigger, and *not* the remedy, is not only supported by the plain language of the statute, but it also is confirmed by the legislative history. As the Conference Committee reported,

> [D]ay-for-day restoration of term is granted if the USPTO has not issued a patent within three years after "the actual date of the application in the United States." . . . Any periods of time— (1) consumed in the continued examination of the application under §132(b) of the Patent Act as added by section 4403 of this Act; . . . shall not be considered delay by the USPTO and ***shall not be counted for purposes of determining whether the patent issued within three years from the actual filing date***.

145 Cong. Rec. H11802-03 (Nov. 9, 1999) (Joint Explanatory Statement of the Committee of Conference included with the statement of Rep. Tauzin) (emphasis added); *see also* 145 Cong. Rec. S14718 (Nov. 17, 1999) (identical statement by the sponsor in the Senate, Sen. Lott). This legislative history makes clear that the continued examination of the application is relevant to determining "whether the patent issued within three years from the actual filing date," but *not* for calculating the adjustment in the event the patent is not issued during that term.

Moreover, the phrase, "that 3-year period," appearing in the remedy does not serve to incorporate the RCE Exception from the trigger into the remedy. When an RCE is filed more than three years after the application was filed, as was the case for the '610 Patent, then the end of "that 3-year period" is the date is on the third anniversary of the actual filing date. Thus, "each day after the end of that 3-year period until the patent is issued" must necessarily include every day after the three year filing anniversary until the issue date, regardless of whether an RCE is filed during that period or not.

Finally, applying the RCE exception to the trigger, but not to the remedy, does not create some "patent term windfall" for patentees. It guarantees that the patentees enjoy a minimum of the same 17-year term that they would have enjoyed prior to the amendments to the Patent Act which changed the term of a patent to comply with the Uruguay Round of the GATT Treaty (*i.e.*, 20 years from filing). Again, the legislative history demonstrates that Congress foresaw the need

5

for such patent term adjustment and encouraged it "for good measure." As the congressional conference committee put it,

> Accordingly, subtitle D [of the American Inventors Protection Act] . . . adds a new provision to compensate applicants fully for USPTO-caused administrative delays, and, for good measure, includes a new provision guaranteeing diligent applicants at least a 17-year term by extending the term of any patent not granted within three years of filing. Thus, no patent applicant diligently seeking to obtain a patent will receive a term of less than 17 years as provided under the pre-GATT standard; in fact, most will receive considerably more.

145 Cong. Rec. H11802 (Nov. 9, 1999) (Joint Explanatory Statement of the Committee of Conference included with the statement of Rep. Tauzin) (footnote omitted); *see also* 145 Cong. Rec. S14718 (Nov. 17, 1999) (identical statement by the sponsor in the Senate, Sen. Lott). Indeed, if the Office believes that patentees are "gaming" the system by filing RCEs after three years, then the Director may issue substantive regulations classifying such behavior as one of the "circumstances that constitute a failure of an applicant to engage in reasonable efforts to conclude processing or examination of an application" and to limit patent term adjustment in that way. *See* 35 U.S.C. § 154(b)(2)(C)(iii). The Director has not issued such substantive regulations here, however, and there is no evidence that the patentee here engaged in any such "gaming" of the system.

In view of the foregoing, patentee asserts the RCE Exception does not apply to the remedy in 35 U.S.C. § 154(b)(1)(B) ("the term of the patent shall be extended 1 day for each day after the end of that 3-year period until the patent is issued"), and thus 37 CFR § 1.703(b)(1) does not comport with the statute and must not be applied when determining the amount of "B" Delay for the '610 Patent.

For the '610 Patent, the trigger condition was satisfied, because the application was filed on November 5, 2004, and the patent had not yet issued by three years later on November 5, 2007. The patentee did not file any request for continued examination until after that three-year period had expired (*i.e.*, on December 18, 2008).

Because the trigger condition is satisfied, the Office erred by not crediting the patentee with the proper amount of patent term adjustment required by the remedy. As noted above, applying 37 CFR § 1.703(b)(1) to determine the amount of adjustment is incorrect because that

regulation does not comport with the plain language of 35 U.S.C. § 154(b)(1)(B)(i). Instead, the amount of "B" Delay patent term adjustment here is correctly determined as one day for each day in the period from the day following the three year period (*i.e.*, November 6, 2007) until the day the patent issued (*i.e.*, May 4, 2010), or <u>911 days</u>.

### (ii) Patent Term Adjustment Using an Alternative Interpretation of 35 U.S.C. § 154(b)(1)(B)(i)

Alternatively, even if the Office does not accept the proposition that 37 CFR § 1.703(b)(1) conflicts with the plain language of 35 U.S.C. § 154(b)(1)(B)(i) for the reasons stated above, that regulation would conflict with the plain language of the statute for yet another reason. The statue excludes only "time consumed by continued examination of the application" following an RCE. 35 U.S.C. § 154(b)(1)(B)(i). In contrast, the regulation excludes from any adjustment "the number of days . . . beginning on the date on which [an RCE] was filed and ending on the date the patent was issued." 37 CFR § 1.703(b)(1). The regulation necessarily assumes that that *every* day after an RCE is filed must constitute "time consumed by continued examination." This is incorrect because there are at least two circumstances after the filing of an RCE which do not constitute "time consumed by continued examination." First, from the time an office action is mailed until the applicant responds, no examination is taking place. Second, after a notice of allowance is mailed until either the patent is granted or the applicant files a response requiring examination, no "continued examination" is occurring, since that time is equally consumed regardless of whether a patent issued after an RCE or not.

For the '610 Patent, no continued examination took place during the period from March 11, 2009 (the day after the Office mailed a non-final office action) until April 23, 2009 (when the applicant filed a response), which is 44 days. Similarly, no continued examination took place during the period from August 18, 2009 (the day after the Office mailed a notice of allowance) until November 12, 2009 (when the applicant filed a request for continued examination), which is 87 days. Similarly, no continued examination took place during the period from December 15, 2009 (the day after the Office mailed a notice of allowance) until May 4, 2010 (when the '610 Patent issued), which is 141 days.

Thus, even if the Office does not accept the patentee's contention regarding the plain meaning of the language in 35 U.S.C. § 154(b)(1)(B) above, the amount of "B" Delay should nevertheless alternatively be increased by 44 days plus 87 days, plus 141 days, all of which are

7

above and beyond the 408 days of "B" Delay previously calculated by the Office, for a total of 680 days.

C. **Calculation of Overlap**

The amount of overlap of "A" Delay and "B" Delay, as interpreted in *Wyeth v. Kappos*, 591 F.3d 1364 (Fed. Cir. 2010), occurs when both "A" Delay and "B" Delay occur on the same day. Under the correct interpretation of 35 U.S.C. § 154(b)(1)(B), both "A" Delay and "B" Delay occurred starting on the day after the date which is 4 months after the date on which the issue fee was paid under 35 U.S.C. § 151 and all outstanding requirements were satisfied (*i.e.*, April 23, 2010) and ending on the date that the '610 patent issued (*i.e.*, May 4, 2010), for a total of 12 days.

D. **The Patentee Agrees with the Office Regarding "Applicant" Delay**

The patentee agrees with the Office's determination shown in Exhibit A that the "Applicant" Delay under 35 U.S.C. § 154(b)(2)(C) and 37 CFR § 1.704 is 243 days. The calculation is repeated here because it is required by 37 CFR 1.705(b)(2).

The patentee agrees with the Office's determination that the "Applicant" Delay is 91 days with respect to the response filed by the patentee on March 10, 2008. Pursuant to 37 CFR § 1.704(b), the "Applicant" Delay is the number of days beginning on the day after the date that is three months after the date of mailing of the September 10, 2007, office action (*i.e.*, September 11, 2007) and ending on the date the reply was filed (*i.e.*, March 10, 2008), which is 91 days.

The patentee agrees with the Office's determination that the "Applicant" Delay is 77 days with respect to the request for continued examination filed by the patentee on December 18, 2008. Pursuant to 37 CFR § 1.704(b), the "Applicant" Delay is the number of days beginning on the day after the date that is three months after the date of mailing of the July 2, 2008, final office action (*i.e.*, October 3, 2008) and ending on the date the reply was filed (*i.e.*, December 18, 2008), which is 77 days.

The patentee agrees with the Office's determination that the "Applicant" Delay is 75 days with respect to the supplemental response filed by the patentee on March 3, 2009. Pursuant to 37 CFR § 1.704(c)(8), the "Applicant" Delay is the number of days beginning on the day after the date the initial reply was filed (*i.e.*, December 19, 2008) and ending on the date that the supplemental reply was filed (*i.e.*, March 3, 2009), which is 75 days.

8

Thus, the total period of "Applicant" Delay under 37 CFR § 1.704 is 91 days plus 77 days plus 75 days, for a total of 243 days.

### D. Calculation of the Total Patent Term Adjustment

The total patent term adjustment is the sum of the "A" Delay and the correct amount of "B" Delay, to the extent those periods are not overlapping, less the sum of the "Applicant" Delay. 37 CFR § 1.704(f). Thus the correct patent term adjustment is 510 days of "A" Delay, plus 911 days of "B" Delay, minus 12 days of overlap, minus 243 days of "Applicant" Delay, for a total of 1166 days.

Under the alternate interpretation of 35 U.S.C. § 154(b)(1)(B), the correct patent term adjustment is 510 days of "A" Delay, plus 680 days of "B" Delay, minus 12 days of overlap, minus 243 days of "Applicant" Delay, for a total of 935 days.

### G. Conclusion

In view of the foregoing, it is respectfully requested that the patentee's Application for Patent Term Adjustment Including Request for Reconsideration under 37 CFR § 1.705(d) be favorably considered and that a corrected determination of patent term adjustment be issued to reflect a patent term adjustment of **1166 days**.

In the alternative, and without waiving the patentee's argument that the correct amount of patent term adjustment is 1166 days, it is respectfully requested that the patentee's Application for Patent Term Adjustment Including Request for Reconsideration under 37 CFR § 1.705(d) be favorably considered and that a corrected determination of patent term adjustment be issued to reflect a patent term adjustment of **935 days**.

Respectfully submitted,

Date: _____July 2, 2010_____   _/s/ Muna Abu-Shaar_
                                    Muna Abu-Shaar
**DECHERT LLP**                     Reg. No. 61,528
**Customer No. 37509**
Tel: 650.813.4800
Fax: 650.813.4848

9

U.S. Patent No.: 7,709,610

381828-115T1 (101900)

# EXHIBIT A

Patent Application Information Retrieval

Order Certified Application As Filed   Order Certified File Wrapper   View Order List

| 10/982,357 | THERAPEUTIC USE OF ANTI-CS1 ANTIBODIES |
|---|---|

Patent Term Adjustments

## Patent Term Adjustment

| Filing or 371(c) Date: | 11-05-2004 | USPTO Delay (PTO) Delay (days): | - |
|---|---|---|---|
| Issue Date of Patent: | 05-04-2010 | Three Years: | - |
| Pre-Issue Petitions (days): | - | Applicant Delay (APPL) Delay (days): | - |
| Post-Issue Petitions (days): | - | Total Patent Term Adjustment (days): | 675 |
| USPTO Adjustment (days): | - | Explanation Of Calculations | |

### Patent Term Adjustment History

| Date | Contents Description | PTO(Days) | APPL(Days) |
|---|---|---|---|
| 12-17-2008 | PTA 36 Months | 408 | |
| 05-04-2010 | Patent Issue Date Used in PTA Calculation | 12 | |
| 03-29-2010 | Dispatch to FDC | ✦ | |
| 03-26-2010 | Email Notification | ✦ | |
| 03-18-2010 | Mail-Petition Decision - Dismissed | ✦ | |
| 03-17-2010 | Petition Decision - Dismissed | ✦ | |
| 12-31-2009 | Application Is Considered Ready for Issue | ✦ | |
| 12-22-2009 | Issue Fee Payment Verified | ✦ | |
| 12-28-2009 | Sequence Forwarded to Pubs on Tape | | |
| 12-22-2009 | Petition Entered | | |
| 12-22-2009 | Issue Fee Payment Received | | |
| 12-14-2009 | Mail Notice of Allowance | | |
| 12-07-2009 | Document Verification | | |
| 12-07-2009 | Notice of Allowance Data Verification Completed | | |
| 11-12-2009 | Information Disclosure Statement considered | | |
| 11-12-2009 | Information Disclosure Statement (IDS) Filed | | |
| 11-24-2009 | Date Forwarded to Examiner | | |
| 11-12-2009 | Request for Continued Examination (RCE) | | |
| 11-24-2009 | Disposal for a RCE / CPA / R129 | | |
| 11-19-2009 | TC Return to Pubs | | |
| 11-12-2009 | Information Disclosure Statement (IDS) Filed | | |
| 11-12-2009 | Workflow - Request for RCE - Begin | | |
| 08-31-2009 | Sequence Forwarded to Pubs on Tape | | |
| 08-17-2009 | Electronic Review | | |
| 08-17-2009 | Email Notification | | |
| 08-17-2009 | Mail Notice of Allowance | | |
| 08-12-2009 | Notice of Allowance Data Verification Completed | | |
| 08-12-2009 | Case Docketed to Examiner in GAU | | |
| 07-23-2009 | Document Verification | | |
| 06-18-2009 | Information Disclosure Statement considered | | |
| 06-18-2009 | Information Disclosure Statement (IDS) Filed | | |
| 05-09-2009 | Date Forwarded to Examiner | | |
| 04-23-2009 | Response after Non-Final Action | | |
| 04-26-2009 | Paralegal TD Accepted | | |
| 04-23-2009 | Terminal Disclaimer Filed | | |
| 03-25-2009 | CRF Is Good Technically / Entered into Database | | |
| 03-17-2009 | Change in Power of Attorney (May Include Associate POA) | | |
| 03-17-2009 | Correspondence Address Change | | |
| 03-10-2009 | Mail Non-Final Rejection | | |
| 03-09-2009 | Non-Final Rejection | | |
| 03-09-2009 | Date Forwarded to Examiner | | |
| 03-03-2009 | Supplemental Response | | 75 |
| 12-18-2008 | Information Disclosure Statement considered | | ✦ |
| 12-18-2008 | Information Disclosure Statement (IDS) Filed | | ✦ |
| 01-03-2009 | Date Forwarded to Examiner | | ✦ |
| 01-03-2009 | Date Forwarded to Examiner | | ✦ |
| 12-18-2008 | Request for Continued Examination (RCE) | | 77 |
| 01-03-2009 | Disposal for a RCE / CPA / R129 | | ✦ |
| 12-18-2008 | Request for Extension of Time - Granted | | ✦ |
| 12-18-2008 | Information Disclosure Statement (IDS) Filed | | ✦ |

| Date | Event | Count |
|---|---|---|
| 12-18-2008 | Workflow - Request for RCE - Begin | |
| 09-19-2008 | Mail Advisory Action (PTOL - 303) | |
| 09-18-2008 | Advisory Action (PTOL-303) | |
| 08-27-2008 | Affidavit(s) (Rule 131 or 132) or Exhibit(s) Received | |
| 09-09-2008 | Date Forwarded to Examiner | |
| 08-27-2008 | Amendment after Final Rejection | |
| 07-02-2008 | Mail Final Rejection (PTOL - 326) | |
| 07-01-2008 | Final Rejection | |
| 03-10-2008 | Information Disclosure Statement considered | |
| 03-10-2008 | Miscellaneous Incoming Letter | |
| 03-10-2008 | Reference capture on IDS | |
| 03-10-2008 | Information Disclosure Statement (IDS) Filed | |
| 04-26-2008 | Date Forwarded to Examiner | |
| 03-10-2008 | Response after Non-Final Action | 91 |
| 03-10-2008 | Request for Extension of Time - Granted | |
| 03-10-2008 | Information Disclosure Statement (IDS) Filed | |
| 09-10-2007 | Mail Non-Final Rejection | |
| 09-04-2007 | Non-Final Rejection | |
| 02-09-2006 | Information Disclosure Statement considered | |
| 10-05-2006 | Information Disclosure Statement considered | |
| 06-19-2007 | Date Forwarded to Examiner | |
| 06-18-2007 | Response to Election / Restriction Filed | |
| 05-18-2007 | Mail Restriction Requirement | 498 |
| 05-14-2007 | Requirement for Restriction / Election | |
| 04-24-2007 | Correspondence Address Change | |
| 04-23-2007 | Application Return from OIPE | |
| 04-24-2007 | Application Is Now Complete | |
| 04-23-2007 | Application Return TO OIPE | |
| 04-23-2007 | Application Return from OIPE | |
| 04-03-2007 | Additional Application Filing Fees | |
| 04-03-2007 | CRF Disk Has Been Received by Preexam / Group / PCT | |
| 04-16-2007 | CRF Is Good Technically / Entered Into Database | |
| 03-29-2007 | SEQUENCE ERRORS | |
| 11-05-2004 | CRF Disk Has Been Received by Preexam / Group / PCT | |
| 03-13-2007 | Additional Application Filing Fees | |
| 03-13-2007 | A set of symbols and procedures, provided to the PTO on a set of computer listings, that describe in | |
| 03-26-2007 | CRF Does Not Match Application Specification -- Applicant Must Correct | |
| 03-05-2007 | SEQUENCE ERRORS | |
| 11-05-2004 | A set of symbols and procedures, provided to the PTO on a set of computer listings, that describe in | |
| 11-05-2004 | Additional Application Filing Fees | |
| 10-27-2005 | Pre-Exam Office Action Withdrawn | |
| 02-20-2007 | Application Return TO OIPE | |
| 10-05-2006 | Information Disclosure Statement (IDS) Filed | |
| 10-05-2006 | Information Disclosure Statement (IDS) Filed | |
| 09-12-2006 | Preliminary Amendment | |
| 02-09-2006 | Information Disclosure Statement (IDS) Filed | |
| 02-09-2006 | Information Disclosure Statement (IDS) Filed | |
| 11-21-2005 | IFW TSS Processing by Tech Center Complete | |
| 11-21-2005 | Case Docketed to Examiner in GAU | |
| 10-27-2005 | Application Dispatched from OIPE | |
| 10-27-2005 | Application Is Now Complete | |
| 04-28-2005 | Additional Application Filing Fees | |
| 10-27-2005 | Correspondence Address Change | |
| 04-28-2005 | A statement by one or more inventors satisfying the requirement under 35 USC 115, Oath of the Applic | |
| 02-17-2005 | Cleared by L&R (LARS) | |
| 12-08-2004 | Referred to Level 2 (LARS) by OIPE CSR | |
| 12-07-2004 | IFW Scan & PACR Auto Security Review | |
| 11-17-2004 | CRF Is Good Technically / Entered Into Database | |
| 11-05-2004 | Initial Exam Team nn | |

*If you need help:*

- *Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@uspto.gov for specific questions*

about Patent Application Information Retrieval (PAIR).
- Send general questions about USPTO programs to the USPTO Contact Center (UCC).
- If you experience technical difficulties or problems with this application, please report them via e-mail to Electronic Business Support or call 1 800-786-9199.