# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABBOTT BIOTHERAPEUTICS CORP. ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 10-1853 (RBW) |
| ) | |
| v. ) | ECF |
| ) | |
| HON. DAVID J. KAPPOS, ) | |
| Under Secretary of Commerce for ) | |
| Intellectual Property & Director of the ) | |
| United States Patent & Trademark Office ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO THE COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8(b) and 8(c), Hon. David J. Kappos, Under Secretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office ("Defendant" or "USPTO"), responds to the Complaint of Abbott Biotherapeutics Corp. ("Plaintiff") as follows:

## FIRST DEFENSE[1]

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

In response to the specifically-enumerated paragraphs, as set forth in the Complaint, Defendant admits, denies and otherwise avers as follows:

---

[1] Defendant reserves the right affirmatively to assert any other defense that constitutes an avoidance or affirmance under Federal Rule of Civil Procedure 8(c).

## Nature of Action[2]

1. This paragraph contains Plaintiff's characterization of the action to which no response is required.

2. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

3. The first sentence of this paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained within the first sentence of this paragraph. As to the second sentence of this paragraph, Defendant admits that the USPTO dismissed Plaintiff's petition on October 26, 2010, three days before Plaintiff filed its Complaint for this action.

4. This paragraph contains Plaintiff's characterization of the action to which no response is required.

## Parties

5. Admit, except Defendant lacks knowledge sufficient to admit or deny that the address stated in this paragraph is Plaintiff's "principal" place of business.

6. Admit.

## Jurisdiction, Venue, and Timing

7. This paragraph contains Plaintiff's characterization of the action to which no response is required.

8. This paragraph contains Plaintiff's characterization of the action to which no response is required.

---

[2] The headings in this Answer are included solely for ease of reference. Defendant does not respond to any allegations contained in the headings that appear in Plaintiff's Complaint. To the extent a response to those allegations is required, Defendant denies them.

9. Admit.

10. Admit.

## Background

**The Patent Term Adjustment Statute**

11. Admit.

12. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutory citation, 35 U.S.C. § 154(a)(2), in the first sentence of this paragraph speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

13. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutory citation, 35 U.S.C. § 154(b)(1)(A)-(C), in the third sentence of this paragraph speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

14. The first sentence of this paragraph contains an accurate quotation of the heading of 35 U.S.C. § 154(b)(1)(B). The second sentence of this paragraph contains an accurate quotation of part of 35 U.S.C. § 154(b)(1)(B). The third sentence of this paragraph contains accurate paraphrasing of the text found in 35 U.S.C. § 154(b)(1)(B)(I)-(iii). Defendant avers that the statutory citation, 35 U.S.C. § 154(b)(1)(B), speaks for itself and is the best evidence of its contents. Other than the foregoing, this paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

15. This paragraph contains conclusions of law to which no response is required. Defendant avers that the citations, 35 U.S.C. § 132 and 37 C.F.R. § 114, in this paragraph speak for

themselves and are the best evidence of their contents. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

16. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutory citation, 35 U.S.C. § 154(b)(1)(B)(I), in this paragraph speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

17. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutory citation, 35 U.S.C. § 154(b), in the first sentence of this paragraph speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

18. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutory citation, 35 U.S.C. § 154(b)(2), in the first sentence of this paragraph speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

19. Admit.

20. This paragraph contains conclusions of law to which no response is required. Defendant avers that 37 C.F.R. § 1.704 speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

**Proceedings in the PTO with Respect to the '610 Patent**

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. Admit.

29. Admit.

30. Admit.

31. Admit.

32. Admit.

33. Admit.

34. Admit.

35. Admit.

36. Admit.

37. Admit.

38. Admit.

**The Correct Calculation of Patent Term Adjustment for the '610 Patent**

39. Admit.

40. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

41. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

42. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

**The PTO's Incorrect Calculation of Patent Term Adjustment for the '610 Patent, and Abbott's Request for Reconsideration**

43. Admit.

44. Admit.

45. Admit.

46. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

47. Admit.

48. As to the first sentence of this paragraph, admit. The remainder of this paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained within this paragraph. Defendant further avers that its October 26, 2010, decision speaks for itself and is the best evidence of its contents.

49. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

**Alternative Grounds for PTO Error**

50. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained within this paragraph. Defendant admits that it mailed a notice of allowance on December 14, 2009 and issued U.S. Patent 7,709,610 on May 4, 2010.

## COUNT I

51. Defendant repeats and incorporates herein its responses to paragraphs 1 through 50 as if fully set forth.

52. This paragraph contains conclusions of law to which no response is required. To the

extent a response is required, Defendant denies the allegations contained within this paragraph.

53. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

54. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

55. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

56. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained within this paragraph.

### Prayer for Relief

These paragraphs of the Complaint constitute Plaintiff's prayer for relief to which no response is required. To the extent that an answer to this paragraph is required, Defendant denies that Plaintiff is entitled to the relief requested in the Complaint or to any relief whatsoever.

### GENERAL DENIAL

Defendant denies each and every allegation in the Complaint that was not admitted or otherwise qualified.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant respectfully prays that the Complaint be dismissed with prejudice and requests such further relief as the Court deems appropriate.

        Respectfully submitted,

        RONALD C. MACHEN JR., D.C. Bar # 447889
        United States Attorney for the District of Columbia

        RUDOLPH  CONTRERAS, D.C. Bar # 434122
        Chief, Civil Division

By: _____
        JOHN G. INTERRANTE
        PA Bar # 61373
        Assistant United States Attorney
        Civil Division
        555 4th Street, N.W., Room E-4806
        Washington, D.C. 20530
        (202) 514-7220
        (202) 514-8780 (fax)
        John.Interrante@usdoj.gov

Of Counsel:
Raymond T. Chen
Solicitor

Benjamin D.M. Wood
Thomas V. Shaw
Joseph G. Piccolo
Associate Solicitors
United States Patent and Trademark Office